Clm

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

KRISTIN ANDERSON, an individual; JO ANN
GRAVINA, an individual; BRUCE
HUFFMAN, an individual; THOMAS INMAN,
an individual; ILINKO MIRCIC, an individual;
on behalf of themselves and all others similarly
situated,

                Plaintiffs,

vs.

NATIONWIDE CREDIT, INC., a Georgia
Corporation; and JOHN AND JANE DOES
NUMBERS 1 THROUGH 25, BEING
FICTITIOUS NAMES OF UNIDENTIFIED
PERSONS WHO CONTROL THE POLICIES
AND PRACTICES INVOKED BY
NATIONWIDE CREDIT, INC.,

                Defendants.

---------------------------------------------------x

CASE NO.: 2:08-cv-01016-LDW-MLO

## FINAL ORDER

It appearing to the Court that:

A.   On April 13, 2009, this Court entered a Preliminary Approval Order which, among other things, certified this Action to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class co-counsel, preliminarily approved a proposed settlement which would be binding on the Settlement Class, and provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed settlement;

B.   A notice approved by the Court in the Preliminary Approval Order and directed to

members of the Settlement Class was published in accordance with that Order on April 24, 2009;

C. A total of two putative members of the proposed Settlement Class members submitted to the Clerk of this Court a motion to object to the proposed settlement in the above-captioned matter and neither submitted valid reasons for objection to the settlement although given the opportunity to do so;

D. In satisfaction of F.R.Civ.P. 23(e)(3), a copy of the Stipulation of Settlement ("Stipulation") was provided to the Court with Plaintiffs' Motion seeking the entry of the Preliminary Approval Order;

E. In the Agreement, Defendant, Nationwide Credit, Inc., consented to the entry of an injunction; and

F. In accordance with the Preliminary Approval Order and F.R.Civ.P. 23(e)(2), the Court held a hearing on June 23, 2009, to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate, and the Court provided all persons present at the hearing with an opportunity to be heard with respect to this action;

and the Court being duly advised in the premises, IT IS HEREBY ORDERED AND ADJUDGED:

1. Pursuant to 28 U.S.C. § 1715(d), the Court's final Order is to be deemed effective on July 17, 2009 – i.e., 90 days from the date that the notices required by the Class Action Fairness Act were served upon the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b) – unless the Court is made aware that a state or federal official has objected to the Proposed Settlement before that date.

2. The Court confirms its certification in the Certification of Settlement Class and

Preliminary Approval Order of this Action as a class action for settlement purposes only and, in accordance with F.R.Civ.P. 23(c)(1)(B):

    (a)    defines the "Settlement Class" as all persons, other than those who filed a request for exclusion, with addresses in the United States of America who received a message left by Defendant on a telephone answering device which message failed to meaningfully identify the Defendant as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector and which message was left after one-year immediately preceding the filing of the initial complaint up through and including the date of the Preliminary Approval Order; and

    (b)    defines the "Settlement Class Claims" as those claims arising from messages left by Defendant for Settlement Class members on telephone answering devices which messages failed to meaningfully identify the Defendant as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector.

3. The Court declares that the notice to the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and due process.

4. The Court declares that the terms of the settlement, as set forth in the Stipulation, are fair, reasonable and adequate.

5. The Court approves the disbursement of the cy pres payment as provided for in the Stipulation to the following charitable institutions in substantially equal shares, as follows:

    (a)    American Council of the Blind, 2200 Wilson Boulevard, Suite 650, Arlington Virginia 22201 in the amount of $62,833; and

(b) American Foundation for the Blind, 11 Penn Plaza, Suite 300, New York, NY 10001 in the amount of $62,833; and

(c) Appleseed Foundation, 727 15th Street NW, 11th Floor, Washington, DC 20005 in the amount of $62,834.

6. The Court approves the award of attorneys' fees and costs to Settlement Class co-counsel as provided for in the Stipulation and declares such fees and costs to be fair and reasonable.

7. The parties are directed to implement the settlement in accordance with the Stipulation.

8. In accordance with the Agreement:

(a) "Released Parties" means Defendant and Defendant's successors, predecessors, assignees, and current and former officers, directors, shareholders, and employees;

(b) as of the "Effective Date" (as defined in the Agreement), each member of the Settlement Class is deemed to release and forever discharge the Released Parties from the Settlement Class Claims; and

(c) as of the "Effective Date" (as defined in the Agreement), each Settlement Class Representative is deemed to release and forever discharge the Released Parties from all causes of action, controversies, actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments, alleged violations of the FDCPA, the RFDCPA, and liabilities of any kind whatsoever in law or equity, arising out of the Stipulation or imposed by federal or state statute, common law or otherwise, from the beginning of time to the date the Agreement was signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has

resulted from such or not.

9. Defendant, Nationwide Credit, Inc., is permanently enjoined as follows:

   (a) All telephone voice messages left by Defendant for consumers on telephone answering devices will meaningfully identify the Defendant as the caller, state the purpose or nature of the communication, and disclose that the communication is from a debt collector;

   (b) In accordance with Fed. R. Civ. P. 65(d)(2), this injunction is binding on Defendant, its officers, agents, servants, employees and attorneys, as well as all those in active concert or participation with any of them; and

   (c) In any proceeding seeking relief based on Defendant's violation of this injunction, Defendant may not be held in violation if Defendant "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c).

10. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Agreement and this Final Order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

Entered:

_____
Leonard D. Wexler
Judge, United States District Court

Dated: June 25, 2009
Central Islip, N.Y.